UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
by its Trustees SAL ALLADEEN and
DANIEL C. AUSTIN, SR.,

                               18 Civ.

     Plaintiff,

  -against-                  COMPLAINT

ALLIED UNIVERSAL, INC.,

     Defendant.
-------------------------------------------------------------X

    Plaintiff, U.S.W.U. LOCAL 74 WELFARE FUND, by its Trustees, SAL ALLADEEN and DANIEL C. AUSTIN, SR., by its attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant ALLIED UNIVERSAL, INC., alleges the following:

## NATURE OF ACTION

  1.  This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, and the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §152 *et seq.*, to compel defendant to make benefit fund contributions on behalf of its employees in accordance with the applicable law, trust agreements, and the collective bargaining agreement.

## JURISDICTION

  2.  Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

## VENUE

  3.  Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the Plaintiff benefit plan is administered in this District.

## PARTIES

4. At all times relevant herein, the U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the WELFARE FUND and appear in their representative capacities.

5. At all times relevant herein, the WELFARE FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York, 11106.

6. Upon information and belief, defendant ALLIED UNIVERSAL was a foreign corporation doing business in the State of New York with offices located 199 Water Street, New York, New York, 10038.

7. At all relevant times herein, ALLIED UNIVERSAL was an employer in an industry affecting commerce within the meaning of ERISA §§(3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

8. At all relevant times herein, there was in force and effect a collective bargaining agreement by and between ALLIED UNIVERSAL and USWU Local 74 covering specified employees of ALLIED UNIVERSAL (referred to herein as "Local 74 bargaining unit workers").

9. At all relevant times herein, the ALLIED UNIVERSAL-Local 74 collective bargaining agreement established the terms and conditions of employment of Local 74 bargaining unit workers, including that they were eligible to participate in the WLEFARE FUND and that ALLIED UNIVERSAL was required to make contributions to the WELFARE FUND on behalf of covered employees.

10. At all relevant times herein, the ALLIED UNIVERSAL-Local 74 collective

bargaining agreement provided for the contribution rates to be paid for each covered employee to participate in the WELFARE FUND.

11. At all relevant times herein, there were in force and effect a Declaration of Trust of the WELFARE FUND and a Delinquent Contribution Collection Policy, among other documents with which defendant was required to comply.

12. At all relevant times herein there were in force and effect Trustee resolutions of the WELFARE FUND with which defendant was required to comply by virtue of the Declaration of Trust of the WELFARE FUND, among other documents and applicable law.

## COUNT I

13. Plaintiff repeats the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

14. By letter dated December 18, 2017, the WELFARE FUND notified ALLIED UNIVERSAL that it had failed to remit all contributions due for 2016 and 2017 by reason of having paid the incorrect contribution rate and issued a demand for retroactive contributions in the principal sum of $21,215.

15. ALLIED UNIVERSAL failed and/or refused to pay the retroactive contributions as assessed.

16. By letter dated January 30, 2018, the WELFARE FUND repeated its demand for payment of the retroactive contributions as assessed.

17. ALLIED UNIVERSAL failed and/or refused to pay the retroactive contributions as assessed.

18. By letter dated February 16, 2018, counsel for the WELFARE FUND issued a further demand to ALLIED UNIVERSAL for payment of said retroactive contributions.

19. As of the date of the filing of this complaint, ALLIED UNIVERSAL continues to fail and/or refuse to pay the retroactive contributions as assessed.

20. ALLIED UNIVERSAL's failure and/or refusal to make such required retroactive contributions to the WELFARE FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Awarding judgment in the principal amount of contributions due and owing to the WELFARE FUND, in the principal sum of $21,215;

(b) Awarding interest on the principal amount of the contributions from date due until paid at the rate of 10% per year as provided for in the WELFARE FUND's delinquency guidelines, liquidated damages of 20% of the principal sum due, reasonable attorneys' fees, costs and expenses of this action and;

(c) Ordering defendant to make timely contributions in the future; and

(d) Such other and different relief as this Court deems proper and just.

Dated: New York, New York
March 5, 2018

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
GARY SILVERMAN (GS9287)
ZACHARY HARKIN (ZH0620)
Attorneys for Plaintiff
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100